# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | |
|---|---|
| MARK A. SHANNON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:12-cv-1107-TWP-TAB |
| | ) |
| DIONE SHANNON and PROGRESSIVE | ) |
| DIRECT INSURANCE COMPANY, | ) |
| | ) |
| Defendants. | ) |

## ENTRY ON RENEWED MOTION TO DISMISS

This matter comes before the Court on Defendant Progressive Direct Insurance Company's ("Progressive") Renewed Motion to Dismiss, ([Filing No. 43](#)). Progressive moves this Court to dismiss the Plaintiff's Second Amended Complaint, ([Filing No. 39](#)), pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

On August 10, 2012, Plaintiff Mark A. Shannon ("Mr. Shannon") commenced a *pro se* action against Dione Shannon and Progressive and, on October 9, 2013, submitted with the Court's approval, (see [Filing No. 34, at ECF p. 2](#)), a Second Amended Complaint alleging several tort and breach of contract claims against both Dione Shannon and Progressive under various theories of liability. (See [Filing No. 39, at ECF pp. 4-7](#)).

Progressive argues in the motion before the Court that 1) direct actions against insurers are not allowed under Indiana law, and 2) the allegations contained within the second amended complaint do not allow for a proper responsive pleading, in violation of Trial Rule 12(e). For the reasons below, the Renewed Motion to Dismiss is **GRANTED**.

## I. BACKGROUND

On or about September 14, 2010, Mr. Shannon, a resident of Indiana, was a passenger in a 1989 Cadillac Sedan Deville driven by Dione Shannon in Terre Haute, Indiana. In an attempt to avoid a collision with an on-coming vehicle, Dione Shannon collided backwards into a steel pole in a parking lot. Mr. Shannon's injuries from the accident prevented him from returning to work for several weeks. ([Filing No. 39, at ECF pp. 2-3](#)). On August 10, 2012, Mr. Shannon, *pro se*, brought claims against the driver of the vehicle, Dione Shannon, and her insurance provider, Progressive.

On January 1, 2013, Mr. Shannon additionally filed a Supplemental Complaint, ([Filing No. 12](#)), asserting both that Dione Shannon's negligent operation of a motor vehicle caused him physical injuries and that Progressive, as Dione Shannon's automobile insurer, was liable for the damages under the theories of "respondeat superior," the "Restatement (Second) of Agency," and a duty of care presented by a "Contract 'Policy' Agreement." (See [Filing No. 12, at ECF p. 4](#)). Additionally, the Supplemental Complaint contends that Progressive committed acts of "unreasonable lack of skills of fidelity in professional or fiduciary duties," and of "negligence, malpractice and malice in law." (See [Filing No. 12, at ECF p. 5](#)).

In response, Progressive filed a Motion to Dismiss and/or Motion for More Definite Statement on January 22, 2013 ([Filing No. 15](#)). On August 6, 2013, Progressive renewed the motion, ([Filing No. 27](#)), and the Court, denying in part and granting in part, allowed Mr. Shannon fourteen (14) days to file a second amended complaint that included 1) factual allegations supporting his claim against Progressive, and 2) a jurisdictional statement supporting venue ([Filing No. 34, at ECF p. 2](#)).

Mr. Shannon followed the Court's order and filed the Second Amended Complaint ("amended complaint") on October 9, 2013, ([Filing No. 39](#)), which included, *inter alia*, a jurisdictional statement, a statement of facts, and additional claims against Progressive for acts of "negligence," "[m]alpractice," "bad faith," breach of contract, and "negligence." *Compare* ([Filing No. 1](#)), *with* ([Filing No. 39, at ECF pp. 2-6](#)). Progressive followed this, on October 21, 2013, by renewing the motion to dismiss presently before the Court, arguing that the amended complaint was a mere recital of Mr. Shannon's supplemental complaint. (See [Filing No. 43, at ECF p. 1](#)). On December 4, 2013, Mr. Shannon responded by filing a Reply [sic] to Defendant's Renewed Motion to Dismiss, ([Filing No. 46](#)), to which Progressive replied on December 12, 2013 ([Filing No. 47](#)). Additional facts will be added as necessary.

## II.  LEGAL STANDARD

Although titled a Motion to Dismiss, Progressive's motion is properly considered a motion for judgment on the pleadings. Federal Rule of Civil Procedure 12(c) permits a party to move for judgment after the parties have filed the complaint and answer. Rule 12(c) motions are reviewed under the same standard as a motion to dismiss under 12(b)(6). *Frey v. Bank One*, 91 F.3d 45, 46 (7th Cir. 1996). When reviewing a 12(b)(6) motion, the Court takes all well-pleaded allegations in the complaint as true and draws all inferences in favor of the plaintiff. *Bielanski v. Cnty. of Kane*, 550 F.3d 632, 633 (7th Cir. 2008) (citations omitted). However, the allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580

(7th Cir. 2009) (citations omitted). To be facially *plausible*, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). The court, though, is not required to accept the plaintiff's legal conclusions in its complaint as true. *Id.*

### III. DISCUSSION

In the renewed motion to dismiss, Progressive argues that Mr. Shannon has brought, as evidenced in the amended complaint, a direct action against an insurance provider. (See [Filing No. 43, at ECF p. 2](#)). Alternatively, Progressive asserts that Mr. Shannon has failed to comply with the Court's order to file a more definite statement. (See [Filing No. 43, at ECF p. 3](#)).

The Court finds both of these arguments persuasive. Notwithstanding the difficulty in distinguishing between Mr. Shannon's allegations, the Court finds that the amended complaint does not contain any actionable claims. Tort actions based on a contract theory and brought directly by a third party, such as Mr. Shannon, against a liability carrier, such as Progressive, are not allowed under Indiana law. Furthermore, Mr. Shannon has failed to file an amended complaint containing facially plausible allegations. But, as an initial matter, the Court must first address the issue of jurisdiction.

**A. Jurisdiction**

On August 19, 2014, the Court required Mr. Shannon to file a Supplemental Jurisdictional Statement to support diversity jurisdiction ([Filing No. 54](#)). Mr. Shannon complied with the Court's order on August 29, 2014 ([Filing No. 55](#)). Mr. Shannon alleges that he is a citizen of Kentucky, Dione Shannon is a citizen of Tennessee, and that Progressive is a citizen of Ohio. However, Mr. Shannon did not provide Progressive's state of incorporation and principal place of business. Despite Mr. Shannon's failure to provide such information about Progressive, the Court has

satisfied itself that the parties are diverse and the amount in controversy exceeds $75,000.00, and this Court has subject matter jurisdiction over this case. See *Sierra v. Progressive Direct Ins. Co.*, No. 12-30030-FDS, 2012 WL 4572923, at *1 (D. Mass. Sept. 28, 2012) (stating that Progressive Direct Insurance Co. is incorporated and has its principal place of business in Ohio); *Progressive Direct Ins. Co. v. Harrison*, No. 11-2493, 2012 WL 3726990, at *2 (W.D. Tenn. Aug. 27, 2012) (same); *Miller v. Progressive Direct Ins. Co.*, No. 4:10cv0605 TCM, 2010 WL 2553646, at *1 (E.D. Mo. June 22, 2010) (same). Accordingly, the Court may begin its analysis.

## B.     Direct Action by a Third Party

The Court begins by reciting the Seventh Circuit, which has emphasized that:

> Indiana, unlike several states, is not a so-called "direct action" state. "Indiana has held that a tort action on a contract theory by an injured third party directly against the liability carrier is inappropriate." *Cromer v. Sefton*, 471 N.E.2d 700, 703 (Ind. Ct. App. 1984) (citing *Martin v. Levinson*, 409 N.E.2d 1239 (Ind. Ct. App. 1980)); *accord Matter of Hendrix*, 986 F.2d 195, 200 (7th Cir. 1993). Ordinarily, an injured person must sue either the tortfeasor in tort, or perhaps his own insurance company in contract, in order to recover for his losses. He cannot sue the tortfeasor's insurance company directly—at least before obtaining a judgment against the insured, *see, e.g.*, *Cromer*, 471 N.E.2d at 703 ("[A] successful personal injury plaintiff can bring an action against the liability carrier if it refuses to honor its contract." (citing *Bennett v. Slater*, 154 Ind. App. 67, 289 N.E.2d 144 (1972)))—either in tort or in contract.

*Donald v. Liberty Mut. Ins. Co.*, 18 F.3d 474, 480 (7th Cir. 1994).

Mr. Shannon brings an action against both the tortfeasor, Dione Shannon, and the tortfeasor's liability carrier, Progressive. (See [Filing No. 39, at ECF p. 2](#)) ("The above named defendant(s), [Progressive] and [Dion Shannon] [sic] are being sued in their 'individual' and 'collective' capacities."). His claims severally allege Progressive's liability under various theories including, *inter alia*, a breach of contract for which Progressive owed Mr. Shannon a duty of care, (*see* [Filing No. 39, at ECF p. 5](#)), as well as negligence, malice in law, malpractice, and bad faith. (*See* [Filing No. 39, at ECF pp. 5-6](#)).

5

The Court finds that Mr. Shannon's contract claims – as well as several of the more ostensibly "tort" claims – originate from the contractual obligations owed by Progressive to Dione Shannon as determined in their shared policy agreement. *Compare* ([Filing No. 39, at ECF p. 5](#)) ("The 'Insurer,' [Progressive] is liable for the actions or inactions of their 'insured,' [Dion Shannon] under their Policy as her actions or inactions are covered within the scope of their Policy 'Contract' Agreement"), *with* ([Filing No. 39, at ECF p. 5](#)) ("The 'Insurer,' [Progressive] committed acts of negligence when they failed to act within the scope of their Policy 'Contract' [sic] Agreement with [Mr. Shannon] as an insured and settle the claims as a result of the collision."), *and* ([Filing No. 39, at ECF p. 6](#)) ("The 'Insurer,' [Progressive] committed acts of unreasonable lack of skills or fidelity in professional fiduciary duties by their failure to remain faithful under their obligation as an 'insurer' . . . in the Policy Contract Agreement.").

Such claims, when brought against a liability carrier directly, are contemplated under the general term "direct action," and are not allowed under Indiana law. See *Donald*, 18 F.3d at 480. Accordingly, the Court will not allow Mr. Shannon's claims against Progressive either. The Court notes, however, that Mr. Shannon would be able to sue Progressive directly before obtaining a judgment against Dione Shannon if appropriate legislation had been provided by the Indiana legislature. See *id.* (quoting 8 Appleman, *Insurance Law and Practice* § 4861 (Rev. Vol. 1981) ("Because direct actions against a liability insurer contravene the common law, such a right must be expressly sanctioned by the legislature and not merely inferentially deduced.")). Since Indiana's lawmakers have declined to pass such laws, Mr. Shannon cannot directly sue the insurance company.

**C.     Insufficiently Plead Allegations**

If Indiana were a direct action state, the pleading before the Court would still be insufficient. The Court notes the similarities between Mr. Shannon's original and supplemental

6

complaints, (Filing No. 1; Filing No. 12), and the second amended complaint before the Court today (Filing No. 39). The amended complaint inserts into the factual basis only an additional two sentences pertaining to the claims against Progressive: first that "[Dion Shannon] met with a claims representation [sic] whom poorly evaluated the damaged vehicle," and second that "[t]he adjuster could not get the trunk open to evaluate the extent of property damage and failed to document [sic]." *Compare* (Filing No. 39, at ECF pp. 3–4), *with* (Filing No. 15, at ECF pp. 2–6). Since this pair of claims constitutes the sole factual allegation of Progressive's liability, Mr. Shannon's pleading does not contain a well-plead factual basis. See *Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." (citations omitted)).

Mr. Shannon does alter the claims section of the amended complaint significantly, and includes several novel theories of liability, in addition to those found in his original and supplemental complaints. (See Filing No. 39, at ECF pp. 4-6; Filing No. 12, at ECF pp. 3-5). Such changes make no difference. Each of these claims, absent a well-pleaded factual basis, do not survive the motion to dismiss presently before them. Put simply, Mr. Shannon's theories alone do not "plausibly give rise to an entitlement to relief." *See Iqbal*, 556 U.S. at 678.

In considering a motion to dismiss, the Court first identifies and disregards legal conclusions that are "not entitled to the assumption of truth." *Id.* at 679. Here, Mr. Shannon's claims, unsupported by factual allegations, are only legal conclusions. See *id.* at 679. Without more of a basis than the adjuster's inability to evaluate the extent of property damage, (Filing No. 39, at ECF p. 4), claims asserting Progressive's negligent failure to act within the scope of the

contractual policy agreement, ([Filing No. 39, at ECF p. 5](#)), do not permit the Court to "infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679.

In sum, Mr. Shannon's complaint, as it pertains to Progressive, insufficiently pleads its allegations and will not survive the motion to dismiss. Accordingly, the Court dismisses the claims against Progressive.

## IV. <u>CONCLUSION</u>

Because the amended complaint contains claims that are neither actionable nor plausible, Defendant Progressive's Motion to Dismiss, or judgment on the pleadings, pursuant to Fed. R. Civ. P. 12(c) will be **GRANTED.** Mr. Shannon's claims against Progressive are **DISMISSED**. This ruling does not resolve the claim against the remaining party, therefore final judgment will not issue at this time.

**SO ORDERED.**

Date: 9/11/2014

*[signature]*
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Mark A. Shannon, #219451
Plainfield Correctional Facility
Inmate Mail/Parcels
727 Moon Road
Plainfield, Indiana 46168

Linda Ann Hammel
YARLING & ROBINSON
lhammel@yarling.com

Mark A. Metzger
METZGER ROSTA LLP
mark@metzgerrosta.com